IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**ROBERTO ROCA-BUIGAS,**

**Plaintiff,**

**v.**

**CLUTCH SPORTZ, LLC, et al.,**

**Defendants.**

Civil No. 12-1818 (GAG)

**OPINION AND ORDER**

Plaintiff Roberto Roca-Buigas ("Plaintiff") brings this action seeking damages stemming from an agreement between himself and Renald Poisson ("Poisson"), the managing member of Clutch Sportz, LLC ("Clutch Sportz"). (See Docket No. 1.) The central dispute revolves around Poisson's representations to Plaintiff during contract negotiations regarding alleged agreements made between Clutch Sportz and other gaming corporations. (See id.) Presently before the court is Poisson's motion to dismiss due to a forum selection clause contained in the promissory note. (See Docket No. 7.) Plaintiff opposed this motion at Docket No. 10. After reviewing these submissions and the pertinent law, the court **GRANTS** Defendants' motions to dismiss and **DENIES** Plaintiff's motion to transfer the case to Texas.

**I.     Standard of Review**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule

**Civil No. 12-1818 (GAG)**                                              2

12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 556 U.S. 662, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

**II.      Factual and Procedural Background**

The facts necessary to adjudicate the present issue of jurisdiction are not overly complex and only the facts pertinent to this issue shall be discussed below. Plaintiff and Poisson entered into a financial agreement regarding an online game titled Clutch Football. (See Docket No. 1 ¶ 4.) Poisson had previously registered the game with the U.S. Patent and Trademark Office and a patent was issued. (See id. ¶ 8.) Unable to finance the development of the game himself, Poisson, acting through his corporate identity, co-defendant Clutch Sportz, sought financing from investors. (See id. ¶¶ 10-12.) During these negotiations between Plaintiff and Poisson, Poisson allegedly made false representations regarding the interest of other gaming corporations in his venture. (See id. ¶ 13.) Eventually, Plaintiff funded Poisson with a $500,000 advance to develop the game. (See id. ¶ 17.) The promissory note accompanying the $500,000 contained a governing law clause that states, "This Note shall be construed in accordance with the laws of the State of Texas. Any action brought by either party against the other concerning the transactions contemplated by this Agreement shall be brought only in the state and federal courts located in the State of Texas." (See Docket No. 7-1.)[1]

---

[1] "Ordinarily a court may not consider any documents that are outside of the complaint, or

**Civil No. 12-1818 (GAG)**                                      3

As one might guess by the parties presence in federal court, the loan has not been repaid and Plaintiff now seeks compensation for his loan and the lost royalties he expected to collect from his investment. (See Docket No. 1 ¶ 43.)

**III.    Discussion**

    **A.    The Governing Law Clause**

Plaintiff concedes the governing law clause of the promissory note is problematic and argues the claims against Poisson and Clutch Sportz are personal to Poisson, and therefore not controlled by the promissory note. (See Docket No. 10 at 2.) Plaintiff claims the promissory note does not contain all the agreements between the parties, but rather the promissory note is the guarantee on the contract. (See id. at 3-4.) Plaintiff argues this distinction allows the court to overlook the governing law clause and adjudicate the case. In the alternative, Plaintiff seeks a transfer of the case to the appropriate court in Texas. (See id. at 8.) Poisson succinctly argues the governing law clause is a valid forum selection clause and it should be given effect. (See Docket No. 7 at 2-3.)

The court agrees with Poisson. The governing law clause is clear. The claims by Plaintiff directly stem out of the promissory note, which included the governing law clause. Without a doubt, Plaintiff's claims go beyond the $500,000 promissory note executed between the parties, but this money represents a major part of the agreement between the parties. As such, only a court in Texas has proper authority to adjudicate these claims.

    **B.    Transfer of the Case**

Plaintiff requests the court transfer the case to a district court in Texas, as opposed to

---

not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d at 30, 33 (1st Cir. 2001) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). However, there is "a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Alt. Energy, Inc., 267 F.3d at 33 (quoting Watterson, 987 F.2d at 3). The parties in this case do not dispute the authenticity of the promissory note and both make reference to the document attached to Poisson's motion to dismiss. (Docket No. 7-1.)

**Civil No. 12-1818 (GAG)**                                4

dismissal of the case. Plaintiff correctly cites 28 U.S.C. § 1406(a) as providing the court with power to make such a transfer; however, Plaintiff does not explain why it would be in the best interest of justice to do so. District courts within this circuit have transferred such cases in the past when the circumstances require fairness. See <u>Russo v. Ballard Med. Products</u>, 352 F. Supp. 2d 177, 182-83 (D.R.I. 2005) (holding action filed in venue other than the one chosen by parties in forum selection clause should be transferred); <u>Henderson v. Am. Steamship Owners Mut. Prot. and Indem. Ass'n Inc.</u>, No. 2:11-cv-86-DBH, 2011 WL 2194439, at *1 (D. Me. June 6, 2011). Additionally, the court notes the state of Texas contains four federal district courts, the Eastern, Western, Northern and Southern Districts. The governing law clause does not specify which district would be appropriate, nor has Plaintiff specified which district in his request. (<u>See</u> Docket No. 10 at 8.) (requesting "this action be transferred to the district court of Texas in which venue shall be deemed proper.") As such, the court **DENIES** Plaintiff's motion for transfer.

    **IV.**    **Conclusion**

For the reasons set forth above, the court **GRANTS** Defendants' motion to dismiss at Docket No. 7 and **DENIES** Plaintiff's request for transfer.

    **SO ORDERED.**

In San Juan, Puerto Rico this 16th day of January, 2013.

    *s/ Gustavo A. Gelpí*

    GUSTAVO A. GELPI
    United States District Judge